**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCOS USCANGA-MORA,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:06-cr-00118-DS-PMW-4**<br><br>**District Judge David Sam**<br><br>**Magistrate Judge Paul M. Warner** |

This case, as it relates to Marcos Uscanga-Mora ("Defendant"), was referred to Magistrate Judge Paul M. Warner by District Judge David Sam pursuant to 28 U.S.C. § 636(b)(1)(A). Before the court are (1) Defendant's motion for leave to proceed in forma pauperis on appeal;[1] and (2) Defendant's motion to appoint counsel for purposes of appeal[2] and Defendant's trial counsel's motion for leave to withdraw as counsel of record and for appointment of new counsel for purposes of appeal.[3]

## I. Proceeding in Forma Pauperis on Appeal

Although Defendant has filed a motion to proceed in forma pauperis on appeal, it is possible, based upon the circumstances of this case, that he could so proceed without the need for such a motion. Typically, when a defendant in a criminal case qualifies for court-appointed

---

[1] *See* docket no. 112.

[2] *See* docket no. 113.

[3] *See* docket no. 114.

counsel at the district court level, it is unnecessary for that defendant to take any further action to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3) (providing, in relevant part, that "[a] party . . . who was determined to be financially unable to obtain an adequate defense in a criminal case . . . may proceed on appeal in forma pauperis without further authorization"). Defendant's case, however, does not present that typical scenario.

Defendant was originally provided with court-appointed counsel based upon a financial affidavit submitted to the court on December 18, 2006.[4] However, on February 5, 2007, Defendant's court-appointed counsel filed a motion to withdraw as counsel of record for Defendant because he had recently discovered that Defendant had retained private counsel.[5] On February 13, 2007, the court allowed Defendant's court-appointed counsel to withdraw.[6] From that point forward at the district court level, Defendant was represented by his retained counsel.

While at one point in this case Defendant was "determined to be financially unable to obtain an adequate defense in a criminal case," *id*., it appears that he was later able to obtain the financial resources to retain private counsel. Based upon this obvious change in financial circumstances, the court is unwilling to allow Defendant to proceed in forma pauperis on appeal without further authorization under rule 24(a)(3). *See id*.

---

[4] *See* docket no. 4.

[5] *See* docket no. 30.

[6] *See* docket no. 32.

The court now turns to Defendant's motion to proceed in forma pauperis on appeal. Rule 24(a)(1) provides that a party wishing to proceed in forma pauperis on appeal must file a motion to do so at the district court level. *See* Fed. R. App. P. 24(a)(1). That rule also provides that the moving party "must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or give security for fees or costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)-(C); *see also* Fed. R. App. P. Appendix A, Form 4 ("Affidavit to Accompany Motion for Leave to Appeal in Forma Pauperis"). Form 4 requires the moving party to provide detailed information about his or her financial situation, including, but not limited to, information about income, employment history, assets, and expenses. *See* Fed. R. App. P. Appendix A, Form 4.

Defendant's motion for leave to proceed in forma pauperis does not satisfy the requirements of rule 24(a)(1)(A). Although his motion is also styled as an "Affidavit of Impecuniosity," it does not "show[] in the detail prescribed by Form 4 of the Appendix of Forms, [his] inability to pay or give security for fees or costs." Fed. R. App. P. 24(a)(1)(A). Indeed, Defendant's motion contains no detail about his financial situation but instead merely includes the conclusory claims that Defendant "is totally impecunious, has no funds, . . . has no ability to obtain funds, . . . [and] has no property or assets that he can sell or has sold in order to obtain funds for an appeal." Because it does not comply with rule 24(a)(1)(A), Defendant's motion for leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS HEREBY ORDERED**, in accordance with rule 24(a)(4), that the Clerk of the Court shall notify the parties and the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") of the denial of Defendant's motion for leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(4)(A) (providing that "[t]he district clerk must immediately notify the parties and the court of appeals when the district court . . . denies a motion to proceed on appeal in forma pauperis").

Pursuant to rule 24(a)(5), if Defendant still wishes to proceed in forma pauperis on appeal, he must file a motion with the Tenth Circuit within thirty (30) days after service of the above-referenced notice. *See* Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)."). If Defendant chooses to file said motion, it must include an affidavit in compliance with the requirements of rule 24(a)(1). *See id*. ("The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).").

**II. Counsel for Purposes of Appeal**

The court now turns to the remaining motions relating to counsel for purposes of appeal. Defendant has filed a motion requesting that the court appoint new counsel for him for purposes of appeal. Similarly, Defendant's trial counsel has filed a motion requesting that he be allowed to withdraw as counsel of record for Defendant and asking the court to appoint new counsel for Defendant for purposes of appeal. Both motions make reference to the fact that Defendant

retained and paid his trial counsel solely for purposes of representing him at trial, with appeals being expressly excluded from his agreement with his trial counsel.

Regardless of Defendant's agreement with his trial counsel to the contrary, rule 46.3 of the Tenth Circuit Local Rules, which sets forth the responsibilities of counsel in criminal cases, provides that "[t]rial counsel must continue to represent the defendant until either the time for appeal has elapsed and no appeal has been taken or [the Tenth Circuit] has relieved counsel of that duty." 10th Cir. R. 46.3(A). Pursuant to that rule, Defendant's trial counsel has a duty to continue to represent Defendant on appeal, unless and until the Tenth Circuit relieves him of that duty. *See id.* Therefore, any motion to withdraw as counsel of record for Defendant must be filed with the Tenth Circuit, not this court. *See id.*; *see also* 10th Cir. R. 46.4(A) (providing the requirements for a motion to withdraw in a criminal appeal in the Tenth Circuit).

Accordingly, Defendant's trial counsel's motion to withdraw as counsel of record for Defendant is **DENIED**. In order to have his request to withdraw considered, Defendant's trial counsel must file an appropriate motion with the Tenth Circuit.

Both Defendant and his trial counsel also request that this court appoint new counsel for Defendant for purposes of appeal. As the court has noted, however, Defendant's trial counsel has a duty to represent Defendant on appeal, unless and until the Tenth Circuit permits him to withdraw. *See* 10th Cir. R. 46.3(A). Because this court has not received any notice that the Tenth Circuit has allowed Defendant's trial counsel to withdraw, it would be both illogical and duplicitous for this court to appoint new counsel for Defendant for purposes of appeal.

Further, it appears that the Tenth Circuit prefers to handle issues relating to counsel for purposes of appeal, including those relating to withdrawal and appointment of counsel. *See* 10th Cir. R. 46.4(A); Addendum I. Rule 46.4(A) provides the requirements for a motion to withdraw as counsel of record in a criminal appeal in the Tenth Circuit, *see* 10th Cir. R. 46.4(A), and Addendum I to the Tenth Circuit Local Rules provides the Tenth Circuit's plan under the Criminal Justice Act for furnishing representation in criminal appeals. *See* 10th Cir. R. Addendum I, Section I ("In its discretion, the court of appeals may appoint the attorney who represented the eligible person in the district court, the special appellate division of the Federal Public Defender's office for the District of Colorado, another Federal Public Defender's office from the circuit, or it may appoint a lawyer from the court's Criminal Justice Act Panel.").

For these reasons, the motions brought by Defendant and his trial counsel to appoint new counsel for purposes of appeal are **DENIED**. In order to have new counsel appointed for purposes of Defendant's appeal, Defendant or his trial counsel should file an appropriate motion with the Tenth Circuit.

* * * * *

In summary, **IT IS HEREBY ORDERED:**

1. Defendant's motion for leave to proceed in forma pauperis on appeal[7] is **DENIED**. In accordance with rule 24(a)(4), the Clerk of the Court shall notify the parties and the Tenth Circuit of the denial of said motion. *See* Fed. R. App. P. 24(a)(4)(A). Pursuant to rule

[7] *See* docket no. 112.

24(a)(5), if Defendant still wishes to proceed in forma pauperis on appeal, he must file a motion with the Tenth Circuit within thirty (30) days after service of the above-referenced notice, and that motion must include an affidavit in compliance with the requirements of rule 24(a)(1). *See* Fed. R. App. P. 24(a)(5).

2. Defendant's trial counsel's motion to withdraw as counsel of record for Defendant[8] is **DENIED**. In order to have his request to withdraw considered, Defendant's trial counsel must file an appropriate motion with the Tenth Circuit.

3. The motions brought by Defendant and his trial counsel to appoint new counsel for purposes of appeal[9] are **DENIED**. In order to have new counsel appointed for purposes of Defendant's appeal, Defendant or his trial counsel should file an appropriate motion with the Tenth Circuit.

**IT IS SO ORDERED**.

DATED this 8th day of January, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

[8] *See* docket no. 114.

[9] *See* docket nos. 113, 114.