THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARCOS USCANGA-MORA, | ) | |
| | ) | Case No. 1:06 CR 118 DS |
| Movant, | | |
| vs. | ) | MEMORANDUM DECISION |
| | | ADDRESSING 28 U.S. C. § 2255 |
| | ) | MOTION |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \*\*

**INTRODUCTION**

Marcos Uscanga-Mora moves the court to vacate, set aside or correct his sentence

pursuant to 28 U.S. C. § 2255. On November 14, 2007, Mr. Uscanga-Mora was sentenced by this

court to a prison term of 210 months for distribution of 500 grams or more "of a substance

containing a detectable amount of cocaine," a charge to which he pled guilty. ECF No. 104.

However, Mr. Uscanga-Mora later filed a Motion to Reduce Sentence, which was granted on

August 14, 2015 and changed his sentence to 168 months imprisonment. ECF No. 198.

In the case at hand, Mr. Uscanga-Mora (acting pro se) has again filed a 28 U.S.C. § 2255

Motion to Reduce/Modify Sentence. ECF No. 206. § 2255 grants federal prisoners the right to

"move the court which imposed [their] sentence to vacate, set aside or correct [that] sentence."

28 U.S.C. § 2255. Mr. Uscanga-Mora therefore argues under Amendment 794 to USSG § 3B1.2

that he was only a minimal or minor participant in the drug distribution conspiracy for which he

was imprisoned and that, accordingly, his guideline range and thus his sentence should have been

reduced. ECF No. 206 at 1, 4-5. He also argues ineffective assistance of counsel, and additionally asks that he be given defense counsel to assist with his current claim. *Id*. at 7, 3.

Because of a procedural failure with Mr. Uscanga-Mora's second § 2255 claim as well as a failure to qualify for the reduction granted by Amendment 794, and because the statute of limitations has run on the ineffective counsel claim, this court orders that Mr. Uscanga-Mora's motion as well as his request for counsel be denied.

**INNEFFECTIVE COUNSEL CLAIM**

The Supreme Court has held that there is a one-year statute of limitations for any § 2255 motion. *See Dodd v. United States*, 545 U.S. 353, 357. However, Mr. Uscanga-Mora's claim of ineffective counsel comes nine years after his November 14, 2007 sentencing. ECF No. 209 at 4. The court therefore finds that the statute of limitations has run on Mr. Uscanga-Mora's ineffective assistance of counsel claim.

Even if the statute of limitations had not run on Mr. Uscanga-Mora's ineffective counsel claim, it was also procedurally defaulted, as Mr. Uscanga-Mora could have but did not raise it on appeal. *Id*. In order to overcome this, a movant must show that 1) there was a good cause for his earlier failure to raise the claim and to fail to address it now would be "actual prejudice," or 2) he is innocent. *Bousley v. United States*, 523 U.S. 614, 622, 30 (1998); *see also United States v. Frady*, 456 U.S. 152, 167-68 (1982). Mr. Uscanga-Mora has made no attempt to show either, and the court finds that there is nothing preventing the procedural default of his ineffective assistance of counsel claim even if it had survived the statute of limitations. *Id*.

The only claim remaining for the court's consideration in regards to Mr. Uscanga-Mora's Motion to Reduce/Modify Sentence is his Amendment 794 claim that he was a minimal or minor participant in his crime and that his sentence should be reduced accordingly.

## USSG § 3B1.2 AMENDMENT 794 CLAIM

The government concedes that Mr. Uscanga-Mora's Amendment 794 claim is timely, as the amendment was made on November 1, 2015 and plaintiff filed approximately eleven months later on September 19, 2016. ECF No. 209 at 3. Nevertheless, the government argues that it is lawfully and factually incorrect for Mr. Uscanga-Mora to receive an Amendment 794 USSG § 3B1.2 reduction of sentence. *Id*. at 5, 6.

The court agrees. First, Amendment 794 does not apply retroactively, which would be necessary for Mr. Uscanga-Mora's claim to take hold. The Tenth Circuit stated very clearly in *United States v. Jesus Moreno* that Amendment 794 does not apply retroactively. 696 Fed.Appx. 886, 889-90 (10th Cir. 2017) (unpublished). In fact, it held that it did not because the Amendment was a substantive change rather than a clarification of the rule. *Id*. Therefore, Mr. Uscanga-Mora's claim fails.

In addition, the court finds that Mr. Uscanga-Mora's Amendment 794 claim also has no factual basis. Amendment 794 reduces the sentence guideline range for those who were minimal or minor participants "in any criminal activity." USSG § 3B1.2. The status of a minimal or minor participant is determined by comparison with "the average participant in the criminal activity," and the Sentencing Commission has also created a

> "non-exhaustive list of factors relevant to deciding whether to apply an adjustment and, if so, the level of the adjustment. Those factors include: (1) the degree to which the defendant understood the scope and structure of the criminal activity, (2) his level of planning and organization, (3) whether he held a decision-making role or influenced the decisions of others, (4) the nature and extent of his participation in the offense, and (5) the degree to which he stood to benefit from the criminal activity."

*Moreno*, 696 F. App'x at 889.

Given these guidelines, the court finds that Mr. Uscanga-Mora does not qualify as a minimal or minor participant in his drug distribution conspiracy for a number of reasons: First,

he was charged "in three of the four counts in the indictment" while three of his co-defendants "were charged in only one count." ECF No. 209 at 6. Second, Mr. Uscanga-Mora allegedly played a major role in the conspiracy. *Id*. He arranged to sell four ounces of methamphetamine to an undercover police office over the phone, and then drove to an arranged parking lot (with his relative, Jesus Uscanga, in the passenger seat) to make the sale. *Id*. Thus, while his relative ("Jesus") was the one to make the actual sale, he was the one who instigated and facilitated it. *Id*. at 7. Third, tape recordings from the investigation show that Mr. Uscanga-Mora was in fact a leader in this conspiracy. *Id*. He "directed others in the handling of money and in the management of the drug business," and one recording captured Jesus stating that Mr. Uscanga-Mora owned the business. *Id*. Mr. Uscanga-Mora even provided Jesus with a firearm during the course of the conspiracy. *Id*.

Nor does Mr. Uscanga-Mora contest any of these facts or arguments. *See* ECF 206.

Therefore, given the individual and cumulative weight of these factors, the court finds that Amendment 794 does not apply retroactively and that, even if it did, Mr. Uscanga-Mora was not a minimal or minor participant in this criminal activity.

## REQUEST FOR COUNSEL

Federal prisoners have a constitutional right of access to the courts, but do not have a constitutional right to counsel. *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). The court does have the discretionary power to appoint it for "indigent inmates." *Bee v. Utah State Prison*, 823 F.2d 397, 398-99 (10th Cir. 1987); 28 U.S.C. § 1915(d). However, the burden is on the applicant to show the court that his/her claim merits the appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The factors that the court looks at to make this assessment include, "'the merits of the litigant's claims, the nature of the factual issues raised in

the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir.1991)).

Mr. Uscanga-Mora's claims lack merit, and it is very unlikely that he would succeed, even with counsel. There is insufficient evidence to support his contention that he was only a minimal or minor participant in the conspiracy and the issues at hand are not unduly complex. These all weigh against his request for counsel.

This court therefore denies Mr. Uscanga-Mora's request for counsel.

## CONCLUSION

For these reasons stated herein, the court orders that Mr. Uscanga-Mora's Motion to Reduce/Modify Sentence and his request for counsel be denied.

SO ORDERED.

Dated this 21st day of March, 2018

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT